## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **AJIA STERLING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **1:25-cv-05059-TRJ-JSA** |
| **LVNV Funding, LLC d/b/a Resurgent** | ) | |
| **Capital Services L.P.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT

**COMES NOW** Defendant LVNV Funding LLC ("LVNV"), incorrectly designated in the Complaint as "LVNV Funding, LLC d/b/a Resurgent Capital Services, L.P.," by and through undersigned counsel, specifically reserving the right to compel arbitration of Plaintiff Ajia Sterling's ("Plaintiff") claims, and for its Answer to Plaintiff's Complaint, states as follows:

## INTRODUCTION

1.     LVNV admits that Plaintiff's Complaint purports to bring claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), but denies any allegation of liability under the FDCPA against LVNV and denies that Plaintiff is entitled to any damages from LVNV and demands strict proof thereof.

## **JURISDICTION**

2.      Paragraph 2 states legal conclusions to which no response from LVNV is necessary. To the extent a response is required, LVNV admits only that the statutes referenced in Paragraph 2 speak for themselves and deny any inconsistent characterization or representation therewith.

In response to the unnumbered paragraph below Paragraph 2 and starting with "Defendant," LVNV admits only that it conducts business in the State of Georgia. Otherwise, the allegations intend to state legal conclusions to which no response from LVNV is necessary. To the extent a response is required, LVNV admits only that the FDCPA and the FBPA speak for themselves and deny any inconsistent characterization or representation therewith.

3.      Paragraph 3 states a legal conclusion to which no response from LVNV is necessary. To the extent a response is required, LVNV admits that the statutes referenced in Paragraph 3 speak for themselves and deny any inconsistent characterization or representation therewith.

4.      Paragraph 4 states a legal conclusion to which no response from LVNV is necessary. To the extent a response is required, LVNV admits only that the statute referenced in Paragraph 4 speaks for itself. Otherwise, denied.

5.      LVNV admits that it is a Delaware limited liability company and that its principal place of business is located in Greenville, South Carolina. Otherwise, denied.

6.      LVNV admits that is registered agent for service of process in Georgia is Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092. Otherwise, denied.

7.      Paragraph 7 states a legal conclusion to which no response from LVNV is necessary. To the extent a response is required, LVNV admits only that part of its business includes the acquisition of past due accounts, including accounts of Georgia residents. Otherwise, denied.

8.      LVNV denies the allegations in Paragraph 8 and demands strict proof thereof.

## FACTUAL ALLEGATIONS

9.      Paragraph 9 states a legal conclusion to which no response from LVNV is necessary. To the extent a response is required, LVNV admits only that the FDCPA speaks for itself. Otherwise, denied.

10.     LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 10 and, therefore, denies the same and demands strict proof thereof.

11.     LVNV denies the allegations in Paragraph 11 and demands strict proof thereof.

12.     LVNV denies the allegations in Paragraph 12 and demands strict proof thereof.

13.     LVNV denies the allegations in Paragraph 13 and demands strict proof thereof.

14.     LVNV denies the allegations in Paragraph 14 and demands strict proof thereof.

15.     LVNV denies the allegations in Paragraph 15 and demands strict proof thereof.

16.     LVNV denies the allegations in Paragraph 16 and demands strict proof thereof.

17.     LVNV denies the allegations in Paragraph 17 and demands strict proof thereof.

18.     LVNV denies the allegations in Paragraph 18 and demands strict proof thereof.

19.     LVNV denies the allegations in Paragraph 19 and demands strict proof thereof.

20.     LVNV denies the allegations in Paragraph 20 and demands strict proof thereof.

21.     LVNV denies the allegations in Paragraph 21 and demands strict proof thereof.

22.     LVNV denies the allegations in Paragraph 22 and demands strict proof thereof.

23.     LVNV denies the allegations in Paragraph 23 and demands strict proof thereof.

## Count 1 Violation of the Fair Debt Collections Practices Act

## (Resurgent Capital Services, L.P)

24.     LVNV adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

25.     LVNV admits only that the FDCPA speaks for itself. Otherwise, denied.

26.     LVNV denies the allegations in Paragraph 26 and demands strict proof thereof.

27.     LVNV denies the allegations in Paragraph 27 and demands strict proof thereof.

28.     LVNV denies the allegations in Paragraph 28 and demands strict proof thereof.

29.     In response to Paragraph 29 and its subparts (A) through (D), LVNV denies the allegations and demands strict proof thereof.

**COUNT II: Violation of the Georgia Fair Business Practices Act (FBPA)**

**(O.C.G.A. § 10-1-390 et. seq.)**

30.     LVNV adopts and incorporates its responses to the preceding paragraphs as if fully set forth herein.

31.     LVNV admits only that the FBPA speaks for itself. Otherwise, denied.

32.     LVNV denies the allegations in Paragraph 32 and demands strict proof thereof.

33.     LVNV denies the allegations in Paragraph 33 and demands strict proof thereof.

34.     LVNV denies the allegations in Paragraph 34 and demands strict proof thereof.

35.     LVNV denies the allegations in Paragraph 35 and demands strict proof thereof.

**Jury Demand and Prayer For Relief**

In response to the unnumbered paragraphs appearing below the heading "**Jury Demand and Prayer For Relief**," including subparts labeled: "Declaratory Relief, Actual Damages, Statutory Damages (FDCPA), Treble Damages (FBPA), Punitive Damages, Statutory Penalties (Georgia Abusive Debt Collection Practices), Attorney's Fees and Costs, and Other Relief, LVNV admits only that Plaintiff demands the requested relief but denies that Plaintiff is entitled to judgment against

LVNV or that Plaintiff is entitled to the damages sought, or any damages in any amount against LVNV, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent Plaintiff has entered into an arbitration agreement covering Plaintiff's claims against LVNV, Plaintiff's claims must be dismissed to arbitration.

### SECOND DEFENSE

Plaintiff's claims fail to state a plausible claim for relief against LVNV.

### THIRD DEFENSE

Plaintiff has failed to mitigate Plaintiff's damages, if any.

### FOURTH DEFENSE

To the extent Plaintiff's claims relate to conduct occurring beyond the applicable statute of limitations, they are time barred.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of LVNV.

## SIXTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which LVNV had no responsibility or control and for which LVNV may not be held liable.

## SEVENTH DEFENSE

Plaintiff's claims against LVNV are barred, in whole or in part, by the doctrines of recoupment and/or set-off for any amounts owed by Plaintiff on the Account.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including collateral estoppel and judicial estoppel), laches, release, consent, ratification, acquiescence, novation, unclean hands, and/or other equitable doctrines due to Plaintiff's own acquiescence, improper, or bad faith conduct.

## NINTH DEFENSE

Plaintiff's claims against LVNV are barred by the doctrines of judicial estoppel, collateral estoppel and *res judicata*.

## TENTH DEFENSE

LVNV denies that it is guilty of any wrongdoing, either negligent, wanton, willful, or otherwise.

## ELEVENTH DEFENSE

LVNV pleads the defense of lack of causal relation between its conduct and the damages alleged.

## TWELFTH DEFENSE

Any violation of the law, which LVNV denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## THIRTEENTH DEFENSE

LVNV affirmatively invokes and asserts all defenses created by and under the Fair Debt Collection Practices Act.

## FOURTEENTH DEFENSE

To the extent sought, Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under federal law for ascertaining the amount thereof, such that any award of said damages against LVNV would violate the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

## FIFTEENTH DEFENSE

LVNV denies that it is guilty of any conduct that would entitle Plaintiff to recover punitive damages.

## SIXTEENTH DEFENSE

Plaintiff's claims for punitive damages against LVNV cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the State Legislature limiting awards of punitive damages or the amount of such damages.

## SEVENTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would violate the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

## EIGHTEENTH DEFENSE

Plaintiff lacks standing.

## RESERVATION OF DEFENSES

LVNV reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in Plaintiff's Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 30th day of September, 2025.

> */s/ R. Frank Springfield*
> R. Frank Springfield
> Georgia Bar No. 316045
> fspringfield@burr.com
> Dylan J. Patel
> Georgia Bar No. 789608
> dpatel@burr.com
> BURR & FORMAN LLP
> 420 North 20th Street, Suite 3400
> Birmingham, AL  35203
> Telephone: (205) 251-3000
>
> Attorneys for Defendant
> LVNV FUNDING LLC

## <u>CERTIFICATION OF COUNSEL</u>

I hereby certify that the foregoing document has been prepared with Times New Roman, 14-point font, one of the font and point selections approved by the Court in LR 5.1.

*/s/ R. Frank Springfield*
R. Frank Springfield
Georgia Bar No. 316045
fspringfield@burr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of September, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following:

> Esther Nneka Oise
> Oise Law Group PC
> 2635 Governors Walk Blvd
> Snellville, GA 30078
> oiselaw@gmail.com
> *Attorney for Plaintiff*

I hereby certify that I mailed by United States Postal Service the document to the following non-CMF/ECF participants:

NONE

*/s/ R. Frank Springfield*

R. Frank Springfield
Georgia Bar No. 316045
fspringfield@burr.com